AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

UNITED STATES OF AMERICA
v.
Thomas Stephen Pendleton
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 08-57M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed     that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
  for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(e).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
MAR 24 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X   clear and convincing evidence   X   a preponderance of the evidence: Defendant did not oppose detention. IN addition, based on the factors under § 3142 and the evidence presented during the preliminary hearing, the court finds that defendant is both a risk of flight and danger to the community.
Nature of the offense: Defendant is charged with failing to register as a sex offender under the Adam Walsh Act. Defendant's charge falls under the serious nature in particular in light of the conduct to avoid registering in any jurisdiction.
Strength of the evidence against defendant: Defendant clearly chose DE to allegedly list as his residence since he did his own legal research and concluded because of the dates of his sexual abuse convictions in the US (in NJ and Michigan) all pre-1994, he did not have to register under De law. This supports that he was told after his return from the sexual abuse conviction of minors (ages 8 and 13) in Latvia, that he ws advised by his then supervising officer from DC (where he had resided), that he had to confer with the Attorney General's Office of the state where he planned to reside. He represented to that officer that he planned to reside in DE. He also represented after his deportation from Germany after serving a sentence for a sexual abuse against a minor conviction in Germany on a US passport application that he resided in DE (he also used a DE license as identification). Further he checked with the American Embassy regarding whether the German conviction would place him under the three strike rule. Although he represents DE as his residence, the evidence shows that he has only picked up mail from that location and apparently does not have a key for access. (confirmed by the actual resident of that address). He has spent more time since his deportation from Germany in January 2008 in CA and PA at youth hostels and friends homes. Further, he has kept personalty for his intended return to a friend's home in PA. He intentionally has attempted to circumvent the Federal law and insufficient evidence to support the affirmative defenses under 18 USC § 2250 was presented. The strength of the evidence against defendant is substantial and the court incorporates herein by reference the sworn affidavit of William David (Government's Exhibit 1) as proof of the strength of the evidence. the court places little or no value on the defense raised that the government only showed that defendant did not register in DE, PA and CA and gave no evidence on the remaining 47 states. However, it was defendant who sworn via his application for a passport that his residence was DE!

AO 472 (Rev. 3/86) Order of Detention Pending Trial

Defendant's Characteristics: defendant is a serial sexual predator. Beginning in 1981 and continuing into 2005-2006, defendant was convicted of 4 separate sexual offenses against minors in NJ, Michigan, Latvia and Germany. His criminal history spans two states and three countries. In fact because of treaties that Germany has with other European countries, he is now not allowed to travel in those countries. He planned to travel outside the US to Prague when he was arrested. He has traveled to various states (CA, PA and Illinois) as well as outside the US since his return in January. He is clearly a risk of flight and serious danger to the community.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| February 14, 2008 | _[signature]_ |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).