IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Criminal Action No. 08-59-GMS |
| v. | : | |
| | : | |
| THOMAS S. PENDLETON, | : | |
| | : | |
| Defendant. | : | |

DEFENDANT'S MOTION FOR DISCOVERY

AND NOW comes the Defendant, Thomas S. Pendleton, by his attorney Eleni Kousoulis of the Federal Public Defender's Office, and pursuant to Rule 16 of the Federal Rules of Criminal Procedure, files this Motion for Discovery.

In support of this motion, the Defendant avers as follows:

1. By Indictment filed April 10, 2008, Defendant was charged with one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a).

2. On April 17, 2008, Defendant entered a plea of not guilty.

I. Defendant's Oral Statements

3. On March 11, 2008, Deputy U.S. Marshal William David submitted an affidavit in support of the criminal complaint which initiated this prosecution.

4. The affidavit describes statements made by Defendant in response to questioning by Marshal David.

5. It is not clear whether the affidavit reflects all or only some of Defendant's statements to Marshal David.

6. In addition, it is not known whether the government may seek to introduce other statements made to other law enforcement officers.

7. Criminal Rule 16(a)(1)(A) provides for the discovery of a defendant's oral statements to government agents.

8. Defendant moves for an order of court directing the government to disclose to defense counsel all of Defendant's oral statements within the scope of Rule 16(a)(1)(A).

## II. Expert Summary

9. At trial, the government may seek to introduce testimony regarding the operation of relevant state and federal sex offender registration laws.

10. Such testimony constitutes expert testimony. See United States v. Davis, 471 F.3d 783, 789 (7th Cir. 2006) ("Experts are permitted to testify regarding how their government agency applies rules as long as the testimony does not incorrectly state the law or opine on certain ultimate legal issues in the case.")

11. Criminal Rule 16(a)(1)(G) provides that, at defendant's request, the government must provide a written summary of expert testimony which the government intends to use in its case-in-chief.

12. Consistent with Criminal Rule 16(a)(1)(G), Defendant moves for an order of court directing the government to provide defense counsel with a written summary of expert testimony regarding the operation of state and federal sex offender registration laws.

## III. Defendant's Inquiries Regarding Duty To Register

13. In a prosecution for failure to register as a sex offender, the burden is on the government to prove that Defendant "*knowingly* fails to register or update a registration." 18 U.S.C. § 2250(a)(3) (emphasis added).

14. At trial, defense counsel intends to argue that there is reasonable doubt regarding Defendant's knowledge of the duty to register.

15. The evidence at trial will reflect that during the years 2006 and 2007, Defendant was incarcerated in Germany for a sex offense.

16. Defendant is prepared to testify that during and after his incarceration, he communicated with U.S. consular and immigration officials, seeking to determine whether, upon his return to the United States, he had a legal duty to register as a sex offender.

17. Defendant is also prepared to testify that in their responses, consular and immigration officials did not tell him that he had a duty to register.

18. Documents provided in discovery reflect that Defendant did, in fact, make inquiries regarding his duty to register.

19. It is not clear whether the defense has been provided with all or only some of the papers, documents and data reflecting the Defendant's inquiries and the government's responses.

20. Criminal Rule 16(a)(1)(E)(i) provides for discovery of papers, documents and data which are "material to preparing the defense."

21. In this case, the requested data is material to preparing a defense on the element of "knowingly" failing to register as a sex offender.

22. Defendant moves for an order of court directing the government to disclose to defense counsel all papers, documents and data generated during 2006, 2007 and 2008, reflecting Defendant's inquiries to immigration and consular officials regarding sex offender registration, and also reflecting the responses of immigration and consular officials.

### IV. Rules Applicable To Foreign Sex Offender Convictions

23. The Indictment alleges that Defendant's duty to register as a sex offender arises from two prior convictions.

24. One of the alleged prior convictions is a German conviction entered on October 16, 2006.

25. Federal law provides a mechanism for notifying prisoners of their duty to register as sex offenders.

26. Section 16917 of title 42 is captioned "Duty to notify sex offenders of registration requirements and to register."

27. Subsection (a) of Section 16917 provides that "shortly before release of the sex offender from custody," an "appropriate official shall" (1) inform the sex offender of his duties "under this subchapter," (2) require the sex offender to "read and sign a form" reflecting that he "understands the registration requirements;" and (3) "ensure that the sex offender is registered." 42 U.S.C. § 16917(a)(1)–(3).

28. Subsection (b) of § 16917 provides that "[t]he Attorney General *shall* prescribe rules for the notification of sex offenders who cannot be registered in accordance with subsection (a) of this section." 42 U.S.C. § 16917(b) (emphasis added).

29. Persons who are convicted of foreign sex offenses, and who serve their sentences in foreign prisons, cannot be registered in accordance with subsection (a) of 42 U.S.C. § 16917; the Attorney General therefore has an obligation, under subsection (b) of 42 U.S.C. § 16917, to prescribe rules for the notification of such sex offenders.

30. Defense counsel has looked for, but has not found, any rules for the notification of sex offenders who cannot be registered under 42 U.S.C. § 16917(a).

4

31. Defendant seeks discovery of any and all rules, prescribed by the Attorney General under 42 U.S.C. § 16917(b), for the notification of sex offenders who cannot be registered in accordance with 42 U.S.C. § 16917(a).

32. Criminal Rule 16(a)(1)(E)(i) provides for the discovery of papers, documents and data which are "material to preparing the defense."

33. If discovery reveals that the Attorney General failed to prescribe the required rules, knowledge of that omission would be "material to preparing the defense," because it would provide grounds for filing a motion to dismiss the indictment; the motion to dismiss would cite the failure to provide the notice required by the statute, and would also cite the failure to provide notice as required by the Due Process Clause of the Fifth Amendment.

34. Defendant moves for an Order of Court directing the government to disclose to defense counsel any and all rules prescribed by the Attorney General under 42 U.S.C. § 16917(b).

WHEREFORE, it is requested that Defendant's Motion for Discovery be GRANTED.

Respectfully submitted,

 /s/  Eleni Kousoulis
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware 19801
(302) 573-6010
ecf_de@msn.com

Attorney for Defendant Thomas S. Pendleton

Date:   May 1, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Criminal Action No. 08-59-GMS |
| v. | : | |
| | : | |
| THOMAS S. PENDLETON, | : | |
| | : | |
| Defendant. | : | |

ORDER OF COURT

AND NOW this _____ day of _____, 2008, upon consideration of Defendant's Motion for Discovery, it is hereby ordered that the motion is GRANTED.

1. Within _____ days of this Order, the government shall disclose to defense counsel all of Defendant's oral statements within the scope of Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure.

2. Within _____ days of this Order, the government shall provide to defense counsel a written summary of expert testimony regarding the operation of state and federal sex offender registration laws, said summary to comply with the requirements of Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure.

3. Within _____ days of this Order, the government shall provide defense counsel with copies of all papers, documents and data generated during the years 2006, 2007 and 2008, reflecting Defendant's inquiries to immigration and consular officials regarding sex offender registration, and also reflecting the responses of immigration and consular officials.

4. Within _____ days of this Order, the government shall disclose to defense counsel all rules and regulations prescribed by the Attorney General under 42 U.S.C. § 16917(b).

BY THE COURT,

_____
Honorable Gregory M. Sleet
Chief Judge, United States District Court