IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 08-59-GMS |
| THOMAS S. PENDLETON, | : | |
| Defendant. | : | |

DEFENDANT 'S MOTION FOR BILL OF PARTICULARS

AND NOW comes the Defendant, Thomas S. Pendleton, by his attorney Eleni Kousoulis of the Federal Public Defender's Office, and pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, files this Motion for Bill of Particulars.

1. Defendant has been charged with one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a).

2. The criminal statute at 18 U.S.C. § 2250 was enacted as part of the Sex Offender Registration Notification Act, also known as "SORNA," Public Law 109-248, Title I, Section 141(a)(1), effective July 27, 2006.

3. The civil SORNA statutes, also effective on July 27, 2006, appear at 42 U.S.C. § 16901, *et seq*.

4. The civil SORNA statutes do not establish a system of direct federal registration, but instead require sex offenders to register under the laws of the states, federal territories, Indian tribes, and the District of Columbia. See 42 U.S.C. §§ 16911(10) and 16913.

5. The criminal SORNA statute at 18 U.S.C. § 2250 punishes individuals who fail to meet their registration responsibilities under state, territorial, tribal and District of Columbia law.

6. Section 2250(a) provides up to ten years imprisonment for "[w]hoever":

   a. "is required to register under the Sex Offender Registration and notification Act;"

   b. "travels in interstate or foreign commerce;" and

   c. "knowingly fails to register or update a registration as required by the Sex Offender Registration Notification Act."

7. In order to prepare a defense to a charge of failure to register under 18 U.S.C. § 2250(a), counsel needs three pieces of information.

8. First, it is necessary to identify the states in which it is alleged that the Defendant failed to register; this information enables counsel to research whether the defendant was, in fact, required to register under the laws of those states.

9. Second, it is necessary to identify the prior convictions which are alleged to trigger a duty of registration in a *particular* state; this information enables counsel to research the law of the state of conviction, determine whether the conviction remains in effect, and then determine whether it is a conviction which triggers a duty of registration in the particular state.

10. Third, it is necessary to identify the episodes of foreign and interstate travel – by date, state of departure, and state of arrival – which are alleged to trigger the duty to register in the particular state; this information enables counsel to research available defenses under 42 U.S.C. § 16913(c), which provides a three-day grace period for updating registration after a change of residence.

11. The indictment alleges that from on or about January 28, 2008, to on or about March 10, 2008, the Defendant failed to register "in the State and District of Delaware *and elsewhere*" (emphasis added); this language does not apprise defendant of all the states where it is alleged he unlawfully failed to register.

12. The indictment alleges two prior sex offense convictions, but does not allege which conviction triggered a duty of registration in which state.

13. The indictment alleges travel in interstate and foreign commerce, but does not allege the dates of alleged travel or the states between which the travel occurred.

14. Rule 7(f) of the Federal Rules of Criminal Procedure provides that "[t]he court may direct the government to file a bill of particulars."

15. "The test in passing on a motion for a bill of particulars should be whether the information requested is necessary to allow the defense to prepare its case adequately or to avoid prejudicial surprise." Wright & Miller, Federal Practice and Procedure, Crim. 3d, § 130.

16. For the reasons outlined in this motion, a bill of particulars is necessary both to allow adequate preparation and to avoid prejudicial surprise.

WHEREFORE, it is respectfully requested that the government be directed to file a bill of particulars providing the following information:

1. For the period from on or about January 28, 2008, to on or about March 10, 2008, identify the states in which it is alleged that Defendant unlawfully failed to register as a sex offender and/or failed to update registration as a sex offender.

2. For each state identified in answer to Item 1, identify the prior conviction or convictions which are alleged to trigger Defendant's duty to register and/or update registration.

3.  For each state identified in answer to Item 1, identify the episodes of foreign or interstate travel – by date, state of departure, and state of arrival – which are alleged to trigger Defendant's duty to register and/or update registration.

Respectfully submitted,

 /s/ Eleni Kousoulis
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware 19801
(502) 573-6010
ecf_de@msn.com

Attorney for Defendant Thomas S. Pendleton

Date: May 1, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-59-GMS |
| | : | |
| THOMAS S. PENDLETON, | : | |
| | : | |
| Defendant. | : | |

ORDER OF COURT

AND NOW, this _____ day of _____, 2008, upon consideration of Defendant's Motion for Bill of Particulars, it is hereby ordered that the motion is GRANTED. Within _____ days of this order, the government shall file a bill of particulars providing the following information:

1. For the period from on or about January 28, 2008, to on or about March 10, 2008, identify the states in which it is alleged that defendant unlawfully failed to register as a sex offender and/or failed to update registration as a sex offender.

2. For each state identified in answer to Item 1, identify the prior conviction or convictions which are alleged to trigger defendant's duty to register and/or update registration.

3. For each state identified in answer to Item 1, identify the episodes of foreign or interstate travel – by date, state of departure and state of arrival – which are alleged to trigger defendant's duty to register and/or update registration.

BY THE COURT,

_____
Honorable Gregory M. Sleet
Chief Judge, United States District Court