IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-59-GMS |
| | : | |
| THOMAS S. PENDLETON, | : | |
| | : | |
| Defendant. | : | |

DEFENDANT'S CERTIFICATION
UNDER LOCAL CRIMINAL RULE 5(d)(2)

AND NOW comes Defendant Thomas Pendleton, by his attorney Eleni Kousoulis of the Federal Public Defender's Office, and files this Certification under Local Criminal Rule 5(d)(2).

1. Yesterday, shortly after 5:00 p.m., counsel electronically filed Defendant's Motion for Discovery and Motion for Bill of Particulars.

2. At the time of electronic filing, a computer message appeared informing counsel of the need to file a certificate under Local Criminal Rule 5(d)(2).

3. Local Criminal Rule 5(d)(2) is applicable to motions for discovery and for bills of particulars, requires defense counsel to confer with the prosecutor regarding such motions, and requires counsel to file a certificate regarding the discussions between counsel.

4. Counsel requests leave of court to file this certificate one day out-of-time.

5.  Earlier today, undersigned counsel spoke by telephone with the prosecutor on this case, Assistant United States Attorney Ilana Eisenstein.

6.  Based upon that discussion, defense counsel believes that discovery requests one and three may be resolved without court intervention, discovery requests two and four require a court ruling, and the motion for bill of particulars requires a court ruling.

7.  Section One of defendant's discovery motion requests defendant's oral statements under Criminal Rule 16(a)(1)(A); Ms. Eisenstein indicated that the only statements of which she was aware are the statements referenced in the affidavit to the criminal complaint; defense counsel is satisfied with the government's representation.

8.  Section Three of defendant's discovery motion requests papers, documents and data reflecting conversations between the defendant and government officials regarding the duty to register as a sex offender; Ms. Eisenstein indicated that she has complied with this request; defense counsel is satisfied with the government's representation.

9.  Defendant requests a ruling on the two remaining discovery requests.

<u>Discovery Request No. 2 – Expert Summary</u>

10. Defense counsel anticipates that during the course of the government's case-in-chief, one or more government agents will testify regarding state and federal sex offender registration laws, and how those laws apply to Mr. Pendleton.

11. Defense counsel asserts that such testimony comes within the definition of "expert testimony" at Rule 702 of the Federal Rules of Evidence.

12.     Defendant has moved, under Criminal Rule 16(a)(1)(G), for a written summary of expert testimony regarding the operation of state and federal sex offender registration laws, and their application to defendant.

13.     In the phone conference conducted earlier today, the government indicated that it did not agree that such testimony comes within the definition of expert testimony; for this reason, the government declined to provide a written summary under Rule 16(a)(1)(G).

14     Because there is a dispute regarding the obligation to provide a written expert summary, it is requested that the district court issue a ruling on Discovery Request No. 2

Discovery Request No. 4 –
Rules Applicable To Foreign Sex Offender Convictions

15.     The federal sex offender registration statute requires that, prior to being released from prison, sex offenders are to undergo initial registration and receive notice of their obligation to re-register in the future.  42 U.S.C. § 16917(a).

16.     Under subsection (b) of § 16917, the Attorney General "shall" prescribe rules for notifying sex offenders who cannot be registered and notified before they are released from prison.  42 U.S.C. § 16917(b).

17.     For purposes of his German conviction, defendant is within the class of sex offenders who could not receive notice under subsection (a) of § 16917, and who should have received notice under subsection (b) of § 16917.

18.     Defense counsel is unaware of any notice rule prescribed by the Attorney General pursuant to the statutory directive at 42 U.S.C. § 16917(b).

19. If it is established that the Attorney General failed to meet his obligation to prescribe rules for the notification of sex offenders such as Mr. Pendleton, defense counsel will move to dismiss the indictment based upon (a) lack of notice as required under the terms of the statute and (b) lack of notice as required under the Due Process Clause of the Fifth Amendment.

20. In order to determine the existence or non-existence of the relevant notice rule, defendant has filed a discovery motion under Criminal Rule 16(a)(1)(E)(i), requesting that the government disclose all rules prescribed by the Attorney General under 42 U.S.C. § 16917(b).

21. In the phone conference conducted earlier today, the prosecutor indicated that defense counsel would be provided with a copy of proposed guidelines which are said to address the question of notice to foreign prisoners; the prosecutor did not, however, identify any *rule* which had been prescribed by the Attorney General under 42 U.S.C. § 16917(b).

22. Defendant's fourth discovery request will help to establish, for the record, whether or not the relevant notice rule exists; this information is material to the preparation of a motion to dismiss the indictment, and thus "material to preparing the defense" under Rule 16(a)(1)(E)(i).

23. Defendant therefore requests that the court issue a ruling on Defendant's Discovery Request No. 4.

Motion for Bill of Particulars

24. In a later phone conversation conducted with Attorney Daniel Siegel of this office, the government indicated that it would consider providing to defense counsel some of the information requested in the Motion for Bill of Particulars, but would not agree that it had a duty of file a bill of particulars on all points identified.

WHEREFORE, defense counsel respectfully requests a ruling on Defendant's Discovery Requests Nos. 2 and 4, and on the Motion for Bill of Particulars.

        Respectfully submitted,

        /s/ Eleni Kousoulis
        Eleni Kousoulis, Esquire
        Assistant Federal Public Defender
        Federal Public Defender's Office
        704 King Street, Suite 110
        Wilmington, DE  19801
        (302) 573-6010
        ecf_de@msn.com
        Attorney for Defendant Thomas S. Pendleton

Date: May 2, 2008