## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Action No. 08- |
| THOMAS PENDLETON, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY AND MOTION FOR BILL OF PARTICULARS

**NOW COMES** the United States of America, by and through its undersigned attorneys, and hereby responds to Defendant's Motion for Discovery and Motion for Bill of Particulars, and respectfully requests that this Court deny the motions for the reasons that follow.

## INTRODUCTION

On April 10, 2008, a federal grand jury for the District of Delaware charged the defendant, Thomas Pendleton, with failure to register as a sex offender, in violation of 18 U.S.C. § 2250. The one-count Indictment reads as follows:

> From on or about January 28, 2008, to on or about March 10, 2008, in the State and District of Delaware and elsewhere, THOMAS S. PENDLETON, defendant herein, a person required to register under Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16901 et seq. ("SORNA"), having traveled in interstate and foreign commerce subsequent to his conviction for a sex offense, to wit, a conviction on or about September 30, 1992, in the state of New Jersey, and a conviction on or about October 16, 2006, in District Court

-1-

of Kempten, Germany, did knowingly fail to register and update a registration as required by SORNA, in violation of Title 18, United States Code, Section 2250(a).

On May 1, 2008, the defendant filed a Motion for Discovery and a Motion for Bill of Particulars. The defendant's Motion for Discovery sought several categories of information.[1] In a Supplemental Certification, filed on May 20, 2008, however, the defendant subsequently withdrew all but one of the discovery requests, which is a motion for a summary of expert testimony under Criminal Rule 16(a)(1)(G).

The defendant's Motion for Bill of Particulars seeks three pieces of information. First, the defendant requests that the Government identify the states in which the defendant allegedly failed to register and/or update registration. Second, the defendant seeks "the prior convictions which are alleged to trigger a duty of registration in a *particular* state," and asserts that it is necessary for defense counsel to research whether a conviction "triggers a duty of registration in the particular state." Third, the defendant seeks "the episodes of foreign and interstate travel — by date, state of departure, and state of arrival – which are alleged to trigger the duty to register in the particular state."

Following the Indictment, the Government has provided "open file" discovery of the evidence in this case, which has amounted to well in excess of 300 pages of information and

---

[1]The defendant originally moved this Court to order the production of (a) any oral statements made by the defendant to government agents under the definition set forth in Federal Rule of Criminal Procedure 16(a)(1)(A); (b) a summary of expert testimony regarding the operation of state and federal sex offender registration laws; (c) any inquiry by the defendant to consular personal regarding the defendant's duty to register; (d) Attorney General regulations promulgated pursuant to 42 U.S.C. § 16917(a).

which includes information pertaining to: (1) the locations at which the defendant receives

mail; (2) the defendant's extensive travel records between his deportation on January 28,

2008 and his arrest on March 10, 2008, including between Pennsylvania, Delaware, the

District of Columbia, Maryland, Illinois, and California; (3) the absence of sex offender

registration information in Pennsylvania, Delaware, the District of Columbia, and California;

(4) the defendant's criminal history and records relating to the defendant's prior sex offense

convictions; and (5) the defendant's correspondence and email relating to his travels and

obligation to register.

## ARGUMENT

I.    **The Government Will Provide Expert Summaries to the Extent that Testimony At Trial Will Fall Under Fed. R. Crim. P. 16(a)(1)(G).**

The defendant seeks an order from this Court directing the Government to provide the

defense with a "written summary of expert testimony regarding the operation of state and

federal sex offender laws." The defense asserts that testimony regarding the operation of

relevant state and federal sex offender registration laws is expert testimony.

As an initial matter, the Government disputes the defendant's contention that

testimony about the operation of state and federal law is necessarily expert testimony.

Moreover, at this juncture, the Government has not identified any witnesses or evidence

regarding the operation of state or federal registration laws. In the event that the Government

does seek to introduce testimony regarding the operation of state or federal registration

requirements, the Government respectfully requests the opportunity to brief the issue whether

such testimony qualifies as expert testimony in a motion *in limine* closer to the time of trial.

To the extent that testimony presented by the Government is considered by this Court to be expert testimony, the Government will provide the defense with a written summary of that testimony pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G). Rule 16 does not provide a specific time frame for such a summary to be provided, but the Government will provide any such summary within a reasonable time before trial.

## II.     The Defendant's Motion for a Bill of Particulars Should be Denied.

### A.     *Background on the Adam Walsh Act, 18 U.S.C. § 2250(a)*

The Adam Walsh Act provides for criminal penalties for failure to register as a sex offender under 18 U.S.C. § 2250.  Section 2250 provides, in pertinent part:

> (a) Whoever--
> (1) is required to register under the Sex Offender Registration and Notification Act;
> (2). . .(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
> Shall be fined under this title or imprisoned not more than 10 years, or both.

There are three elements to the federal sex offender registration offense.  As to the first element, SORNA provides a list of offenses that determine whether an individual qualifies as a sex offender and thus require that individual to register for purposes of Section 2250(a).  *See* 42 U.S.C. § 16911 (providing detailed definitions of qualifying sex offenses

under federal law). Section 2250 thus establishes a *federal* sex offender registration requirement that is separate from any parallel state law requirements.

To meet the second element of Section 2250(a), the government must prove that the defendant traveled in interstate or foreign commerce after the effective date of the statute, July 27, 2006.

The last element is that the defendant knowingly failed to register as required by SORNA. SORNA requires a sex offender to register in any jurisdiction in which he resides, where he is an employee, and/or where he is a student, by appearing not later than 3 business days after each change of name, residence, employment, or student status in person in at least one jurisdiction involved and to inform the relevant jurisdiction(s) of any changes in the required information. See 18 U.S.C. § 2250(a); 42 U.S.C. §§ 16911 & 16913. Once again, this federal registration requirement is independent of any state law registration requirements.

### B.    *Legal Standards: Bill of Particulars*

Federal Rule of Criminal Procedure 7(f) provides, in part, that "[t]he court may direct the filing of a bill of particulars." The decision whether to grant or deny a bill of particulars is committed to the sound discretion of the trial court. *Wong Tai v. United States*, 273 U.S. 77, 82 (1927). The Third Circuit has held that the "purpose of a bill of particulars is to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Urban*, 404 F.3d 754, 771 (3d Cir.

2005).

A bill of particulars also has the effect of limiting the scope of the government's proof at trial. *U.S. v. Neff*, 212 F.2d 297, 309 (3d Cir. 1954) (cited with approval in *U.S. v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985)). Therefore, a bill should not be granted where its result would be to confine the government so narrowly that it may be prevented from using proper and material evidence at the time of trial. *See United States v. Boffa*, 513 F. Supp. 444, 485 (D. Del. 1980).

In analyzing requests for a bill of particulars, courts have not confined themselves to the language of the indictment; rather, courts have taken into account other sources of information provided by the government including discovery materials. The purpose of a bill of particulars is therefore served if the indictment itself provides sufficient details of the charges and if the government provides adequate discovery to the defense. *United States v. Smith*, 776 F.2d 1104, 1111, 1115 (3d Cir. 1985). The Third Circuit has therefore held that full access to discovery obviates the need for a bill of particulars. *United States v. Kenny*, 462 F.2d 1205, 1211-1212 (3d Cir. 1972); *see also United States v. Amend*, 791 F2d 1120, 1125 (4th Cir. 1986)(affirming denial of bill of particulars where indictment tracked language of statute and prosecution maintained an "open file" policy with defendant).

Relatedly, courts have held that a bill of particulars may not be used merely as a discovery device to acquire evidentiary details about the government's case, nor is the defendant entitled to discover through a bill of particulars the government's legal theory of

the case. *Urban*, 404 F.3d at 771; *United States v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975)(affirming the denial of a motion for a bill of particulars that requested the "when, where and how" of any overt acts in which the defendant allegedly participated). For example, in *Armocida,* the Third Circuit found that the indictment was sufficient since it specified three overt acts that were committed in furtherance of the conspiracy, and held the defense's motion to be "tantamount to a request for wholesale discovery of the government's evidence," and thus was beyond the scope of Rule 7(f). *Id.*

###### C.     The Defendant's Requests for a Bill of Particulars Are Without Merit Considering the Discovery Provided By the Government.

The "open file" discovery policy provided to the defendant, in combination with the charges in the Indictment, provide sufficient notice to the defense of the charges he faces and obviate the need for a formal bill of particulars in this case. The defense's Motion for Bill of Particulars requests three items, and the Government respectfully requests that this Court issue and order denying the defendant's Motion.

First, the defendant requests that the Government identify the states in which the defendant allegedly failed to register and/or update registration. The Indictment alleges that the defendant failed to register as required by federal law in the State of Delaware and elsewhere between January 28, 2008 and March 10, 2008. The Government has provided discovery to the defense showing no record of the defendant's registration in Delaware, Pennsylvania, California, or the District of Columbia. Moreover, it is the Government's position that the defendant failed to register or update his registration in *any* state between

his arrival in the United States on January 28, 2008 and his arrest on March 10, 2008.   The Government should not be required to list every state in which the defendant failed to register where the indictment tracks the language of the statute and the discovery materials provide specific information about the defendant's failure to register.   Granting this motion would serve only to illuminate the government's legal theory of the case and limit the scope of the government's proof at trial, which are not appropriate grounds for a bill of particulars. Considering the discovery provided and the nature of the charge, a bill of particulars is not necessary in this instance.   *Armocida*, 515 F.2d at 54.

Second, the defendant seeks "the prior convictions which are alleged to trigger a duty of registration in a *particular* state." But the state requirements for registration do not control the defendant's liability under Section 2250(a).   Further, the Indictment specifically states that the defendant was convicted of a sex offense on or about September 30, 1992 in the State of New Jersey, and a sex offense on or about October 16, 2006 in the District Court of Kempten, Germany, both of which trigger the defendant's obligation to register under *federal* law.   *See* 18 U.S.C. § 2250; 42 U.S.C. § 16911.   Nothing more is required here.

Third, the defendant seeks "the episodes of foreign and interstate travel — by date, state of departure, and state of arrival – which are alleged to trigger the duty to register in the particular state."   The Government has provided the defendant with detailed discovery regarding the defendant's travel itinerary during the time period charged in the indictment — January 28, 2008 through March 10, 2008 — including the defendant's deportation from

8

Germany to the United States on January 28, 2008, and travel between Pennsylvania, Delaware, Maryland, the District of Columbia, Illinois, and California. Moreover, the discovery materials provide extensive information about the defendant's use of 202 W. 14th Street, Wilmington Delaware as a putative mailing address, as well as his use of other mailing addresses during the time period charged in the indictment. Since the discovery materials lay out the defendant's itinerary during the time period and provide evidence of possible locations of his residence and employment, granting a bill of particulars in this case would serve no additional purpose.

## Conclusion

For these reasons, the Government respectfully requests that the court deny defendant's motion for a bill of particulars.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
Ilana H. Eisenstein
Assistant United States Attorney

Dated:  June 24, 2008

9