IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-59-GMS |
| | : | |
| THOMAS S. PENDLETON, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTIONS FOR BILL OF PARTICULARS AND FOR SUMMARY OF EXPERT TESTIMONY**

AND NOW comes the defendant, Thomas S. Pendleton, by his attorney Eleni Kousoulis of the Federal Public Defender's Office, and files this Reply Brief in Support of Motions for Bill of Particulars and Summary of Expert Testimony.

**I.    PROCEDURAL HISTORY**

By criminal complaint filed March 11, 2008, defendant Thomas Pendleton was charged with one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a). Mr. Pendleton was detained without bail, and by indictment filed April 10, 2008, he was again charged with one count of violating 18 U.S.C. § 2250(a). Defendant was arraigned on April 17, 2008, and entered a plea of not guilty.

On May 1, 2008, defendant filed a motion for bill of particulars under Criminal Rule 7(f), and also filed a motion for discovery under Criminal Rule 16. Local Criminal Rule 5(d)(2) required defense counsel to file a certification reflecting whether or not the government agreed to voluntarily provide the discovery materials requested by the defendant. An initial certification was filed on May 2, 2008, and a supplemental certification was filed on May 20, 2008.

The certifications reflect that of defendant's four discovery requests under Rule 16, three have been resolved without the need for court intervention. First, the government represents that it has provided defense counsel with discovery of all oral statements made by the defendant to law enforcement officers. Second, the government represents that it has provided defense counsel with discovery reflecting defendant's inquiries to government agents regarding his duty to register as a sex offender. In a third discovery request, defendant sought disclosure of notice rules promulgated by the Attorney General pursuant to 42 U.S.C. § 16917(b); defendant no longer seeks disclosure on this point, as a district court in Nebraska has taken judicial notice that no such rules have been promulgated. United States v. Craft, 2008 WL 1882904, *4 (D. Neb., April 23, 2008).

Two defense motions are opposed by the government, and must now be addressed by this Court. First, under Criminal Rule 16(a)(1)(G), defendant has moved for a summary of any expert testimony which may be offered regarding the operation of state and federal sex offender laws. Second, under Criminal Rule 7(f), defendant has filed a motion for bill of particulars, seeking three categories of information: (1) the dates and places of defendant's alleged interstate travel; (2) the states in which the defendant was allegedly present; and (3) the prior convictions alleged to trigger a duty of registration in each state.

The motions for discovery and for bill of particulars are now ripe for disposition. Defendant requests that the motion for bill of particulars be granted, and that the government be directed to file the bill within two weeks of the court's order. Defendant further requests that the motion for summary of expert testimony be granted, and that the court order that the summary be provided to defense counsel no later than 45 days prior to jury selection.

PDF created with pdfFactory Pro trial version www.pdffactory.com

**II.    Statement of Facts**

Defendant is charged with one count of failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a).  The offense is alleged to have occurred during a 43-day period from January 28, 2008 to March 10, 2008.  The indictment alleges that the offense occurred in the State and District of Delaware "and elsewhere."  The indictment further alleges that the defendant "traveled in interstate and foreign commerce" following two prior sex offense convictions.  The indictment does not identify the dates or locations of interstate travel.

Under the new sex offender registration statute, the time period that a defendant is in a new state, and his status during that time period, are facts which are relevant in defending against a charge of knowing non-registration.  A sex offender has the duty to register "in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student."  42 U.S.C. § 16913(a).  See also, 42 U.S.C. § 16911(11), (12), and (13) (defining terms "student," "employee," and "resides").  If a sex offender travels to a new state, he has an obligation to update his registration within three business days,  but only if there has been a "change of name, residence, employment, or student status."  42 U.S.C. § 16913(c).

**A.    Motion for Bill of Particulars**

Defendant has filed a motion for bill of particulars seeking three categories of information.  First, he seeks to identify each state in which it is alleged that he unlawfully failed to register.  Second, he seeks to identify the conviction or convictions which are alleged to trigger the duty of registration in each of the identified states.  Third, for each alleged episode of interstate travel, defendant seeks to identify the date of travel, state of departure, and state of arrival.

PDF created with pdfFactory Pro trial version www.pdffactory.com

Defendant argues that these three categories of information are necessary to allow adequate trial preparation, and to avoid prejudicial surprise at trial. Specifically, defense counsel seeks to investigate whether defendant met the definition of a resident, employee or student while he was in any of the states alleged by the government. To conduct such an investigation, defense counsel needs to know the states of alleged non-registration, and the time periods that defendant is alleged to have been present in those states.

In addition, defense counsel is investigating a possible defense to the "knowledge" element of 18 U.S.C. § 2250(a). Counsel believes such a defense may arise if a prior conviction triggered a duty to register under federal law, but did not trigger a duty to register under state law. To investigate this defense, counsel seeks to learn which convictions are alleged to have triggered the duty of registration in each of the states alluded to in the indictment. This information is particularly relevant here, as the government appears to concede that defendant's prior convictions did not trigger a duty of registration under the law of at least one state. See Affidavit to Criminal Complaint, par. 21: "Your affiant is aware that Delaware does not require sex offenders to register if the conviction occurred before June 27, 1994, or by virtue of his foreign conviction."

The government opposes the motion for bill of particulars on three grounds. First, the government argues that the dates of interstate travel are reflected in correspondence, e-mails and travel records which were seized from the defendant at the time of his arrest (Government Brief, p. 3). Because copies of these documents were provided to defense counsel, the government believes that discovery obviates the need for a bill of particulars (Government Brief, p. 6). Second, the government argues that the bill of particulars would be used for the improper purpose of securing discovery (Government Brief, pp. 6-7). Third, the government argues that the bill of particulars

PDF created with pdfFactory Pro trial version www.pdffactory.com

would be used for the improper purpose of learning the government's theories of prosecution (Government Brief, pp. 6-7).

      **B.**      <u>**Motion for Summary of Expert Testimony**</u>

Citing Criminal Rule 16(a)(1)(G), defendant has moved for a written summary of any expert testimony which may be offered by the government regarding the operation of state and federal sex offender registration laws. In opposing this motion, the government offers alternative arguments.

Initially, the government argues that such testimony does not have to be disclosed because it does not come within the definition of "expert" testimony (Government Brief, p. 3). Alternately, the government asserts that it has not yet identified the witness who may be called to testify regarding the operation of state and federal sex offender laws (Government Brief, p. 3). The government therefore seeks to litigate this issue "closer to the time of trial." (Government Brief, p. 4).

      **III.**      <u>**ISSUES PRESENTED**</u>

      A.      Has defendant demonstrated that a bill of particulars is necessary to the preparation of the defense or to avoid prejudicial surprise at trial?

      B.      Does testimony regarding the operation of state and federal sex offender laws come within the definition of "expert" testimony?

      C.      Should a deadline be set for disclosing expert summaries?

PDF created with pdfFactory Pro trial version www.pdffactory.com

## IV.  ARGUMENT

### A.  A Bill of Particulars is Necessary to the Preparation of the Defense and to Avoid Prejudicial Surprise at Trial.

<u>The importance of time and place</u> - As stated by Judge Stapleton, a defendant moving for a bill of particulars "is entitled to be told the time and place of transactions giving rise to the charge." <u>United States v. Manetti</u>, 323 F.Supp. 683, 696 (D.Del. 1971). Consistent with this view, the court in <u>United States v. Lonzo</u>, 793 F. Supp. 57, 59 (N.D. N.Y. 1992) held that where an indictment alleged a conspiracy occurring in certain locations "and elsewhere," the location of "elsewhere" was required to be provided in a bill of particulars. Similarly, in <u>United States v. Tallant</u>, 407 F. Supp. 878, 890 (N.D. Ga., 1975), the court held that in a prosecution for securities fraud, defendants were entitled to a bill of particulars identifying the dates on which it was alleged that they made false statements in connection with securities sales. <u>See</u> <u>also</u> 1 Wright, <u>Federal Practice and Procedure</u>, Crim. 3d, § 130, text at n. 28: "[I]n order for the defendant to be on proper notice it will often be necessary for the government to disclose the time and place of the alleged offense."

Here, the indictment charges that defendant failed to register as a sex offender in the State of Delaware "and elsewhere." The indictment does not identify any state other than Delaware, nor does it indicate the time periods during which defendant is alleged to have been present in each state. Under the SORNA sex offender registration statute, those time periods are critical to the preparation of the defense. Specifically, the duty to re-register arises three business days after the defendant's arrival in a new state, but *only if* the defendant comes within the definition of a resident, employee or student. 42 U.S.C. § 16913(a) and (c). To prepare a defense regarding defendant's status during a particular time period, defense counsel needs to know the relevant states and time periods.

6

PDF created with pdfFactory Pro trial version www.pdffactory.com

It is true that the government's brief identifies six jurisdictions as possible sites for a claim of non-registration. Specifically, the government's brief identifies Pennsylvania, Delaware, the District of Columbia, Maryland, Illinois, and California (Government Brief, p. 3). It is not clear, however, that the charge of non-registration is limited to these six jurisdictions. As stated in its brief at pages 7 and 8, "it is the Government's position that the defendant failed to register or update his registration in *any* state between his arrival in the United States on January 28, 2008 and his arrest on March 10, 2008. The government should not be required to list every state in which the defendant failed to register where the indictment tracks the language of the statute and the discovery materials provide specific information about the defendant's failure to register." Gov. Brief, p. 7-8.

A bill of particulars ensures that defendant is able "to adequately prepare his defense, [and] *to avoid surprise during the trial*." United States v. Urban, 404 F.3d 754, 771 (3d Cir. 2005) (cite omitted, emphasis added). The government's brief suggests that the evidence of non-registration may go beyond the six identified states. Given that the federal charge arises from the failure to participate in *state* sex offender registration systems, identification of the states and dates at issue will assure that defendant has the basic information necessary to adequately prepare his defense and to avoid unfair surprise at trial.

Connection between the prior offenses and state sex offender laws – The indictment alleges that defendant has two prior convictions for sex offenses, but does not allege which conviction triggered a duty of registration in which state. If a prior conviction triggered a duty of registration under federal law, but did not trigger a duty of registration under state law, defense counsel may seek to argue that there is reasonable doubt as to whether the defendant "knowingly" failed to register; knowledge is an element of the offense at 18 U.S.C. § 2250(a). There is reason to believe that such

PDF created with pdfFactory Pro trial version www.pdffactory.com

a defense may be applicable to at lease one of the states charged in the indictment. See Affidavit to Criminal Complaint, par. 21: "Your affiant is aware that Delaware does not require sex offenders to register if the conviction occurred before June 27, 1994, or by virtue of his foreign conviction." By identifying the the prior convictions which are alleged to trigger a duty of registration in a particular state at a particular time, defendant will be given basic information necessary to investigate and prepare a possible defense. This is a proper purpose of the bill. United States v. Urban, supra, 404 F.2d at 771 (purpose of bill of particulars "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense").

Responding to the government's objections – To reiterate, defendant seeks three categories of information about the government's charge of non-registration. He wants to know: (1) which states are involved, (2) the relevant time periods in each state, and (3) the prior convictions alleged to trigger a duty of registration in each state. The government opposes the motion for bill of particulars on three grounds. First, they argue that all necessary information has already been provided in discovery. Second, they argue that the bill would be improperly used as a means of discovery. Third, they argue that the bill would be improperly used as a means to identify the government's theories of prosecution.

It is true that the government has provided counsel with copies of defendant's correspondence, e-mails, and notes relating to his travel, and planned travel, during the time period outlined in the indictment. While this discovery may reflect the defendant's account of his travels, it does not necessarily reflect the *government's* account of his travels. As previously noted, one of the purposes of a bill of particulars is to avoid unfair surprise at the trial. United States v. Urban, 404 F.3d 754, 771 (3d Cir. 2005). Defense counsel wants to avoid the possibility that there will arise at

PDF created with pdfFactory Pro trial version www.pdffactory.com

trial a claim of non-registration in a state which is not identified in the discovery. Only a bill of particulars, identifying the states of non-registration by name and time periods, will avoid the potential for unfair surprise at trial.

On the second and third points, the government argues that the motion for bill of particulars should be denied because it would have the effect of disclosing the government's evidence and legal theories (Government Brief, pp. 7-8). It is true that the goal of a bill of particulars is to secure basic information necessary to an adequate defense, and not to secure discovery or to identify the government's theories of prosecution. If, however, the information sought is necessary to the preparation of an adequate defense, then the bill of particulars should be granted "even if the effect is the disclosure of evidence or of the prosecution's theories." United States v. Barnes, 158 F.3d 662, 665 (2d Cir. 1998), quoting prior edition of 1 Wright, Federal Practice and Procedure, Crim. 3d, §130, text at n. 27 (collecting cases). Because the three categories of requested information are necessary to the preparation of an adequate defense, and to avoid prejudicial surprise at trial, it is requested that the motion for bill of particulars be granted.

> **B.    Because Testimony Regarding the Operation of State and Federal Sex Offender Laws Comes Within the Definition of "Expert" Testimony, the Government has an Obligation to Provide a Written Summary of Such Expert Testimony.**

Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, captioned "Expert Witnesses," provides that the government must give to the defendant "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence." Rule 16(a)(1)(6) further provides that "[t]he summary provided under this subparagraph must describe the witness's opinion, the bases and reasons for those opinions, and the witness's qualifications."

9

PDF created with pdfFactory Pro trial version www.pdffactory.com

Defense counsel believes that in attempting to prove a charge of failure to register as a sex offender, the government will find it necessary to provide the jurors with information regarding the operation of state and federal sex offender registration laws. Defendant has therefore moved for a written summary of any expert testimony which may be offered regarding the operation of such laws. "[T]he Government disputes the defendant's contention that testimony about the operation of state and federal law is necessarily expert testimony." (Government Brief, p. 3). Thus, this Court must determine whether such testimony is "expert" testimony within the disclosure requirements of Criminal Rule 16(a)(1)(G).

F.R.E. 702 is captioned "Testimony by Experts," and reads, in relevant part, as follows: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion *or otherwise*…." F.R.E. 702 (emphasis added).

The highlighted language reflects that expert testimony is not limited to opinion testimony; it includes any specialized knowledge that assists the trier of fact. This point is noted in the Advisory Committee notes to F.R.E. 702: "Most of the literature assumes that experts testify only in the form of opinions. This assumption is logically unfounded. The rule accordingly recognizes that an expert on the stand may give a dissertation or exposition of scientific *or other* principles relevant to the case, leaving the trier of fact to apply them to the facts." 1972 Advisory Committee Notes to F.R.E. 702, second unnumbered paragraph (emphasis added).

PDF created with pdfFactory Pro trial version www.pdffactory.com

Consistent with this commentary, federal courts have permitted government agents to offer expert testimony regarding the rules and regulations by which they are guided. In a prosecution for Medicaid fraud, testimony regarding the rules of Medicaid reimbursement was found to constitute admissible expert testimony. United States v. Davis, 471 F.3d 783, 788-89 (7th Cir. 2006). Similarly, in a prosecution for tax evasion, IRS testimony regarding constructive dividends was found to constitute permissible expert testimony. U.S. v. Fogg, 652 F.2d 551, 556 (5th Cir. 1981).

The scope of such expert testimony is not unlimited. As stated by the Seventh Circuit, "[e]xperts are permitted to testify regarding how their government agency applies rules as long as the testimony does not incorrectly state the law or opine on certain ultimate legal issues in the case." United States v. Davis, 471 F.3d 783, 789 (7th Cir. 2006). See generally 3 Mueller and Kirkpatrick, Federal Evidence, 3rd Edition, § 7:12, "Expert testimony on law." Consistent with these authorities, testimony regarding the operation of state and federal sex offender registration laws, if admitted, would come within the definition of "expert" testimony. Pre-trial disclosure of such testimony is therefore required under Criminal Rule 16(a)(1)(G).

### C.    A Deadline Should Be Set for Disclosure of Expert Summaries

The defense does not concede that the testimony of the government's expert will necessarily be admissible at trial. Defendant may object to such testimony on the ground that the expert is unqualified, or that the underlying facts are inaccurate, or that probative value is outweighed by the potential for unfair prejudice. To litigate such challenges, defense counsel needs a copy of the expert summary well in advance of trial.

PDF created with pdfFactory Pro trial version www.pdffactory.com

The need for advance notice is particularly acute in this case. The new federal sex offender registration law is less than two years old. See 42 U.S.C. §§ 16901-16962, effective July 27, 2006. The new law has been the subject of conflicting decisions in the district courts, and is only now beginning to be addressed in the circuit courts. Given the unsettled state of the law, there will be a need to carefully examine the proposed testimony, to determine whether it is accurate and admissible.

Moreover, expert testimony regarding legal standards is problematic under the best of circumstances. There is always a risk that the jury will be confused by technical testimony, or worse, that the jury will turn to the government witness, rather than the judge, for guidance on the applicable law. See Weinstein's Federal Evidence, 2nd Edition, § 704.04[2]. Prompt disclosure of the expert summary will assure that the Court has an opportunity to fully consider and rule on any pre-trial challenges arising from the government's interpretation of the relatively new federal statute at issue in this case.

Defendant asks this Court to direct the government to provide defense counsel with a written summary of expert testimony no later than 45 days prior to jury selection. See United States v. Richmond, 153 F.R.D. 7 (D. Mass. 1994) (Collings, M.J.) (setting 45-day pre-trial deadline for disclosing summaries of proposed expert testimony). The 45-day deadline will give defendant the opportunity to litigate challenges to the expert testimony, will give the Court time to consider and rule upon any defense challenge, and will give the Federal Public Defender an opportunity to retain a responsive expert, if needed.

PDF created with pdfFactory Pro trial version www.pdffactory.com

## V.     CONCLUSION

Wherefore, it is respectfully request that the motion for bill of particulars be granted, and that the government be directed to file the bill within two weeks after the date of the Court's order.  It is further requested that the motion for summary of expert testimony be granted, and that the government be directed to serve the written summary on defense counsel no later than 45 days prior to jury selection.

Respectfully submitted,

 /s/  Eleni Kousoulis

Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware 19801
(302) 573-6010
ecf_de@msn.com
Attorney for Defendant Thomas S. Pendleton

DATED: July 2, 2008

PDF created with pdfFactory Pro trial version www.pdffactory.com