IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,           :
                       Plaintiff,        :
                                :       Criminal Action No. 08-59-GMS
                    v.               :
                                :
THOMAS S. PENDLETON,                :
                   Defendant.       :

DEFENDANT PENDLETON'S BRIEF IN SUPPORT OF
MOTION TO DISMISS INDICTMENT

AND NOW comes the defendant, Thomas S. Pendleton, by his attorney Eleni Kousoulis of the Federal Public Defender's Office, and files this Brief in Support of Motion to Dismiss Indictment.

Procedural and Factual History

By indictment filed April 10, 2008, defendant Thomas S. Pendleton was charged with one count of failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). Defendant entered a plea of not guilty, and now moves to dismiss the indictment on three alternative grounds.

First, defendant argues that the offense of failing to register as a sex offender at 18 U.S.C. § 2250(a) exceeds congressional authority under the commerce clause. Second, he argues that the underlying registration requirement at 42 U.S.C. § 16913 exceeds congressional authority under the commerce clause. Third, he argues that section 16913 of title 42 requires that sex offenders be given notice of their obligation to register under SORNA, and the Attorney General failed to meet his notice obligations under 42 U.S.C. § 16917(b).

<u>Argument One:</u>
<u>Section 2250(a) of Title 18 Exceeds Congressional</u>
<u>Authority Under The Commerce Clause</u>

The indictment charges a knowing failure to register as a sex offender under "SORNA," the Sex Offender Registration and Notification Act, codified at 42 U.S.C. § 16901 et seq. SORNA creates a federal obligation to register under state sex offender statutes. Section 2250(a) of title 18 provides, in relevant part, that "[w]hoever … is required to register under [SORNA] … travels in interstate or foreign commerce … and knowingly fails to register or update a registration as required by [SORNA] … shall be fined under this title or imprisoned not more than 10 years, or both."

Under Article I, Section 8, Clause 3, of the United States Constitution, "Congress shall have Power … To regulate Commerce … among the several States." In <u>Gonzales v. Raich</u>, 545 U.S. 1, 16–17, 125 S. Ct. 2195, 2205 (2005), the Supreme Court identified three general categories of regulation in which Congress is authorized to engage under its commerce power. The offense of failing to register as a sex offender, in violation of 18 U.S.C. § 2255(a), does not come within any of these three categories of permissible regulation. First, section 2250(a) does not regulate the channels of interstate commerce. Second, section 2250(a) does not regulate the instrumentalities of interstate commerce, or persons or things in interstate commerce. Third, section 2250(a) does not regulate activities that substantially affect interstate commerce.

In <u>United States v. Powers</u>, 544 F. Supp. 2d 1331 (M.D. Fla. 2008), the district court granted defendant's motion to dismiss indictment, finding that Congress had exceeded its commerce clause authority when it enacted 18 U.S.C. § 2250(a). As stated in <u>Powers</u>, the

new federal sex offender statute "was enacted with a commendable goal – – to protect the public from sex offenders.  However, a worthy cause is not enough to transform a state concern (sex offender registration) into a federal crime.  If an individual's mere unrelated travel in interstate commerce is sufficient to establish a Commerce Clause nexus with purely local conduct, then virtually all criminal activity would be subject to the power of the federal government.  Surely our founding fathers did not contemplate such a broad view of federalism.  Accordingly, the Court finds that the adoption of the statute under which Defendant is charged violates Congress' power under the commerce clause and is, therefore, unconstitutional."  Id. at 1336.

The Powers decision represents a minority viewpoint among the federal district courts which have considered the constitutionality of 18 U.S.C. § 2250(a).  See Annotation, 30 ALR Fed. 2d 213, §§ 17 and 18.  Defendant nonetheless submits that the Powers decision correctly articulates the commerce clause standards announced by the Supreme Court, and correctly applies those standards in finding that 18 U.S.C. § 2250(a) is unconstitutional.  Because 18 U.S.C. § 2250(a) exceeds congressional authority under the commerce clause, defendant moves to dismiss the indictment.

Argument Two:
The Underlying Registration Requirement at 42 U.S.C. § 16913
Exceeds Congressional Authority Under the Commerce Clause

Section 16913 of title 42 is captioned "Registry requirements for sex offenders."  Under section 16913, sex offenders are required to register where they reside, where they are employed, and where they go to school.  Section 16913 does not require proof of interstate travel.  Neither does section 16913 require proof of a nexus to interstate commerce.

In <u>United States v. Morrison</u>, 529 U.S. 598, 120 S. Ct. 1740 (2000), the Supreme Court held that Congress exceeded its commerce clause authority when it enacted 42 U.S.C. § 13981, which created a federal civil remedy for victims of gender-related violence. The Supreme Court found that the statute violated the commerce clause because the regulated activity was not economic in nature, and because Congress had failed to include an interstate commerce element in the body of the statute. <u>Id.</u>, 529 U.S. at 613, 120 S. Ct. at 1751. Because the SORNA registration statute at 42 U.S.C. § 16913 regulates activity which is not economic in nature, and because the statute does not contain a jurisdictional element, this Court should hold that 42 U.S.C. § 16913 exceeds congressional authority under the commerce clause, and is therefore unconstitutional.

In a prosecution under 18 U.S.C. § 2250(a), the government must prove, under subsection (a)(1), that the defendant "is required to register under [SORNA]." The registration requirement referred to is the requirement at 42 U.S.C. § 16913; the registration requirement at section 16913 is unconstitutional; therefore, in requiring proof of a failure to register under Section 16913, the criminal statute at 18 U.S.C. § 2250(a) is itself rendered unconstitutional. Defendant's argument is supported by <u>United States v. Waybright</u>, _____ F. Supp. 2d _____, 2008 WL 2380946 (D. Montana, June 11, 2008).

In <u>Waybright</u>, the district court found that 42 U.S.C. § 16913 exceeded congressional authority under the commerce clause, and therefore deemed it necessary to dismiss an indictment under 18 U.S.C. § 2250(a). The district court in <u>Waybright</u> stated as follows:

"Section 16913 is not a valid exercise of any of the congressional powers enumerated in the Constitution. As a consequence, Section 16913 is unconstitutional. To obtain a conviction under Section 2250(a), the government must first prove Waybright was required to register under Section 16913. Because Section 16913 is unconstitutional, the government cannot satisfy its burden of proof with respect to Section 2250(a). Accordingly, the Indictment must be dismissed." <u>United States v. Waybright</u>, <u>supra</u>, 2008 WL 2380946, *11. Consistent with the district court's analysis in <u>Waybright</u>, defendant moves to dismiss the instant indictment.

<u>Argument Three:</u><br><u>The Attorney General Failed to Meet His Notice Obligations</u><br><u>Under 42 U.S.C. § 16917(b)</u>

Section 16917 of title 42 is captioned "Duty to notify sex offenders of registration requirements and to register." Section 16917(a) of title 42 provides that "Shortly before release of the sex offender from custody" an "appropriate official shall" do the following:

> (1)    Inform the sex offender of the duties of a sex offender under this subchapter and explain those duties;

> (2)    Require the sex offender to read and sign a form stating that the duty to register has been explained and that the sex offender understands the registration requirement; and

> (3)    Ensure that the sex offender is registered.

In addition, under section 16917(b) of title 42, "[t]he Attorney General shall prescribe rules for the notification of sex offenders who cannot be registered in accordance with subsection (a) of this section."

Persons who are convicted of foreign sex offenses, and who are deported upon their release from foreign prisons, cannot be registered in accordance with subsection (a) of 42

U.S.C. § 16917; the Attorney General therefore has an obligation, under subsection (b) of 42 U.S.C. § 16917, to prescribe rules for the notification of such sex offenders. This obligation has not been met. As of January 28, 2008, the starting date of offense conduct alleged in the indictment, the Attorney General had not prescribed the alternate notice rules required under 42 U.S.C. § 16917(b). See, United States v. Craft, 2008 WL 1882904, *4 (D. Nebraska, April 23, 2008) (district court takes judicial notice that Attorney General had not prescribed notice rules under 42 U.S.C. § 16917(b)).

The indictment alleges that defendant was convicted of a German sex offense in the year 2006. Defendant was arrested for the German sex offense on June 2, 2006 (Criminal Complaint, par. 7). Defendant was in German custody on July 27, 2006, the date that SORNA was enacted and became effective. See, 42 U.S.C. § 16901 *et seq*., 18 U.S.C. § 2250. In addition, defendant was deported from Germany to the U.S. on January 21, 2008 (Criminal Complaint, par. 11). Thus, for Mr. Pendleton to receive notice under § 16917(b), it would have been necessary to receive that notice from federal officials in contact with him during his custody or deportation. Pendleton came into contact with just such officials.

Prior to his release from German custody, defendant was in communication with an official at the U.S. Consulate (Criminal Complaint, par. 8). The Consulate knew of defendant's impending release from prison, and was aware of his status as a convicted sex offender. Upon his arrival in the U.S., defendant was interviewed by a U.S. Customs Officer (Criminal Complaint, par. 11). Based upon a computer check, the Customs Officer was aware of defendant's status as a convicted sex offender. Neither the consular official nor the customs officer notified defendant of his obligations under the SORNA sex offender

registration law. They could have given the necessary notice, if the Attorney General had fulfilled his obligation under 42 U.S.C. § 16917(b).

Section 16917(b) of title 42 uses mandatory language in directing that "[t]he Attorney General *shall* prescribe rules for the notification of sex offenders who cannot be registered in accordance with subsection (a) of this section" (emphasis added). Statutory use of the word "shall" customarily reflects a directive which is mandatory. Lexecon Inc. v. Milberg Weiss, 523 U.S. 26, 35, 119 S. Ct. 956, 962 (1998); United States v. Kravitz, 738 F. 2d 102, 104 (3d Cir. 1984). In addition, to the extent that there is any ambiguity regarding the meaning of statutory language, a court may consider the caption of the statutory subsection at issue. Almendarez-Torres v. United States, 523 U.S. 224, 234, 119 S. Ct. 1219, 1226 (1998); United States v. Thayer, 201 F.3d 214, 221 (3d Cir. 1999). Section 16917 of title 42 is captioned "*Duty* to notify sex offenders of registration requirements and to register" (emphasis added).

Given the use of the word "shall" in the text of 42 U.S.C. § 16917(b), and the use of the word "duty" in the caption of section 16917, it is submitted that the Attorney General had an obligation to prescribe alternative rules for the notification of persons who could not be given the notice required under section 16917(a). It is further submitted that statutory notice was necessary to save the statue from potential constitutional infirmity.

Under the due process clause of the fifth amendment, defendants have a right to fair notice of prohibited criminal conduct. Lambert v. California, 355 U.S. 255, 78 S.Ct. 240 (1957) (striking down conviction for failure to register as felon). SORNA radically changes

the landscape of sex offender registration laws by requiring state registration under federal standards, to-wit, a 3-day re-registration requirement, an expanded scope of predicate offenses which trigger a duty of registration, and an expanded period of time during which prior offenders are obligated to register. <u>See</u> definitions at 42 U.S.C. § 16911, re-registration requirements at 42 U.S.C. §§ 16913, and time period requirements at 42 U.S.C. § 16915. Absent notice of the changes effected by SORNA, the Act is susceptible to challenge based upon lack of fair notice under <u>Lambert</u>.

Where a statute is susceptible of two constructions, one which raises grave constitutional questions and another which avoids those questions, courts should adopt the construction which avoids the constitutional question. <u>Jones v. United States</u>, 529 U.S. 848, 857, 120 S.Ct. 1904, 1911 (2000); <u>United States v. Edwards</u>, 80 F.3d 810, 819 (3d Cir. 1996). In order to prevent a construction of the statute which raises grave doubt regarding it's constitutionality, this court should hold that notice under 42 U.S.C. § 16917 is a condition precedent to prosecution for failure to register under 18 U.S.C. § 2250(a). Such a construction is consistent with the mandatory language of the notice requirement at 42 U.S.C. § 16917. It is also consistent with the first clause of 18 U.S.C. § 2250(a), which requires proof that defendant is required to register "under" SORNA. Therefore, based upon the absence of notice under 42 U.S.C. § 16917, and based upon the Attorney General's failure to prescribe alternative notice rules under 42 U.S.C. § 16917(b), defendant moves that the indictment be dismissed.

WHEREFORE, it is respectfully requested that Defendants' Motion to Dismiss Indictment be GRANTED.

Respectfully submitted,

 /s/ Eleni Kousoulis
ELENI KOUSOULIS, ESQUIRE
Assistant Federal Public Defender
Federal Public Defender's Office
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
ecf_de@msn.com

Date: August 18, 2008          Attorney for Defendant Thomas S. Pendleton