IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS PENDLETON, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 13-127-GMS |
| | ) | Cr. A. No. 08-59-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**MEMORANDUM OPINION**

---

Daniel I. Siegel. Assistant Federal Public Defender, Office of the Federal Public Defender, Wilmington, Delaware. Attorney for movant.

Elizabeth L. Van Pelt. Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

---

Feb 1        , 2016
Wilmington, Delaware

SLEET, United States District Judge

## I. INTRODUCTION

Movant Thomas Pendleton ("Pendleton") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 90) Pendleton asserts that his conviction for failing to register under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a), must be vacated because he was not required to register under SORNA on the date of his arrest, March 10, 2008. In essence, Pendleton argues that the act leading to his conviction for failure to register was not criminal at the time the act was committed. The government concedes that Pendleton's conviction must be vacated because his conviction under 18 U.S.C. § 2250(a) has been retroactively invalidated by intervening Supreme Court and Third Circuit caselaw. (D.I. 96)

For the reasons discussed, the court will grant Pendleton's § 2255 motion. As a result, Pendleton's judgment will be set aside and his indictment will be dismissed with prejudice.

## II. BACKGROUND

Pendleton was arrested in Wilmington, Delaware on March 10, 2008 for failing to register as a sex offender, in violation of 18 U.S.C. § 2250.[1] (D.I. 2). On April 10, 2008, a federal grand jury for the District of Delaware issued a one-count indictment charging Pendleton as follows:

> From on or about January 28, 2008, to on or about March 10, 2008, in the State and District of Delaware and elsewhere, **THOMAS S. PENDLETON**, defendant herein, a person required to register under Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16901 et seq. ("SORNA"), having traveled in interstate and foreign commerce subsequent to his conviction for a sex offense, to wit, a conviction on or about September 30, 1992, in the state of New Jersey, and a conviction on or about

---

[1] When Pendleton was arrested on March 10, 2008, the State of Delaware had not implemented the SORNA provisions which would have created, for Pendleton, a state law duty to enroll in Delaware's sex offender registry.

October 16, 2006, in District Court of Kempten, Germany, did knowingly fail to register and update a registration as required by SORNA, in violation of Title 18, United States Code, Section 2250(a).

(D.I. 12) A Bill of Particulars was filed on July 31, 2008, alleging that Pendleton traveled between the states of Delaware, Illinois, Maryland, Pennsylvania and California during the ten-week time period identified in the indictment and failed to register as a sex offender in any of those states. (D.I. 23) During his jury trial in this court, Pendleton stipulated that he was a "sex offender" based upon his 1992 New Jersey conviction and his 2006 German conviction. *See United States v. Pendleton*, 636 F.3d 78, 80 (3d Cir. 2011). Pendleton did not dispute that he returned to the United States from Germany in January 2008 and that, during the time period identified in the indictment, he traveled between the states of Delaware, Illinois, Maryland, Pennsylvania and California. *Id*. at 83. Pendleton also did not dispute that he did not register as a sex offender in the States of Delaware, Illinois, Maryland, Pennsylvania, and California. *Id*.; (D.I. 68 at 4) Rather, what Pendleton did dispute during his trial was the existence of a duty to register based upon "residence" in the State of Delaware, because he had only returned to the United States for a short period of time to visit family and friends. *See Pendleton*, 636 F.3d at 83; (D.I. 68 at 4).

After a federal jury found Pendleton guilty of the SORNA violation, this court imposed the statutory maximum sentence of 120 months (ten years) of imprisonment, to run concurrently with a 360 month (thirty year) sentence imposed in another case (Crim. Act. No. 08-111-GMS) in which Pendleton was convicted of committing a sex offense in a foreign country.[2] On January

---

[2]In 2006, a jury in Hamburg, Germany found Pendleton guilty of "engaging in sexual acts with a person incapable of resistance," which stemmed from his sexual molestation of a fifteen-year old boy in Hamburg. *See United States v. Pendleton*, 658 F.3d 299, 301 (3d Cir. 2011). He was

2

17, 2012, the Court of Appeals for the Third Circuit affirmed Pendleton's conviction for violating SORNA. *See Pendleton*, 636 F.3d at 88. The United States Supreme Court subsequently denied Pendleton's petition for writ of certiorari. *Pendleton v. United States*, 132 S.Ct. 1090 (2012).

### III. STANDARDS OF REVIEW

A federal prisoner may seek to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If a claim does not allege a lack of jurisdiction or constitutional error, but rather, an error of statutory law, "the scope of collateral relief [under § 2255] is more limited." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Notably, "an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* In *Davis v. United States*, 417 U.S. 333 (1974), the Supreme Court held that such a miscarriage of justice exists and warrants collateral relief under § 2255 when there is a change in substantive law subsequent to the defendant's conviction and sentence establishing that the conduct for which the defendant had been convicted and sentenced was lawful. *Id.* at 346-47. In other words, a viable claim under § 2255 exists where a conviction is rendered invalid by an "intervening change in the law." *Id.* at 342.

---

deported to the United States on January 21, 2008 after serving nineteen months in a German prison. (D.I. 27 at 8) Thereafter, on September 17, 2009, a jury in this court convicted Pendleton of engaging in noncommercial illicit sexual conduct in a foreign place, in violation of 18 U.S.C. § 2423(c) and (f)(1). *See Pendleton*, 658 F.3d at 301.

3

**IV.    SORNA**

SORNA, which became effective on July 27, 2006, requires individuals convicted of sex offenses after its enactment to comply with certain federal registration requirements, *see* 42 U.S.C. § 16913, and it imposes federal criminal penalties for failure to register or to update a registration. *See* 18 U.S.C. § 2250(a).[3] "SORNA did not clarify whether its registration requirements apply to sex offenders [] whose sex offense convictions were prior to SORNA's enactment. Rather, SORNA gave the Attorney General the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter ... and to prescribe rules for the registration of any such sex offenders." *United States v. Manning*, 786 F.3d 684, 685 (8th Cir.). "Pursuant to this delegation, the Attorney General in 2007 issued an interim rule ["Interim Rule"] providing that SORNA applies to pre-enactment convictions." *Carr v. United States*, 560 U.S. 438, 466 (2010). In issuing the Interim Rule, the Attorney General did not provide the pre-promulgation notice and comment period and bypassed the thirty-day publication requirement based on his belief that there was "good cause" to waive those requirements. *See United States v. Springston*, 2015 WL 7307055, at *2 (W.D. Ark. Sept. 21, 2015).

The Attorney General subsequently enacted regulations, known as the SMART

---

[3]Section 2250(a) provides that any person who:
    (1) is required to register under [SORNA];
    (2)(A) is a sex offender as defined for the purposes of [SORNA] by reason of a conviction under ... the law of any territory or possession of the United States; or
    (B) travels in interstate or foreign commerce ...; and
    (3) knowingly fails to register or update a registration as required by [SORNA];
shall be fined under this title or imprisoned not more than [ten] years, or both.
*United States v. Stacey*, 570 F. App'x 213, 215 (3d Cir. 2014).

4

Guidelines, reaffirming that the Interim Rule applies SORNA to pre-Act offenders. After allowing a period for notice and comment, the SMART Guidelines became effective on August 1, 2008. *Springston*, 2015 WL 7307055 at *3. Thereafter, the Attorney General promulgated a Final Rule which became effective on January 28, 2011. *See* 75 Fed. Reg. 81,849 (Dec. 29, 2010).

During this time period, the courts of appeal were sharply divided as to whether SORNA's registration requirements were automatically applicable to persons convicted of sex offenses before July 26, 2007 (SORNA's effective date), or whether the applicability of SORNA to pre-SORNA offenders depended on the implementing retroactivity rules issued by the Attorney General. The United States Supreme Court resolved this conflict in 2012 when it issued its decision in *Reynolds v. United States*, 132 S.Ct. 975, (2012) ("*Reynolds I*"), holding that SORNA does not require pre-Act offenders to register until the Attorney General specifies that the Act's provisions applies to them. *Reynolds*, 132 S.Ct. at 978. Stated another way, SORNA's registration requirements would only be effective and applicable after the Attorney General issued valid implementing regulations.[4] *Id.* Although the *Reynolds I* Court acknowledged the existence of the Interim Rule, SMART Guidelines, and the Final Rule, it declined to determine if "the Attorney General's Interim Rule sets forth a valid specification."

---

[4]The defendant in *Reynolds I* and *II* was a sex offender convicted prior to SORNA's enactment who had traveled interstate and failed to register between September 16 and October 16, 2007, (i.e., after the July 27, 2006 enactment of SORNA and the Interim Rule but before the SMART Guidelines and Final Rule had been issued.). He was convicted in the United States District Court for the Western District of Pennsylvania of failing to register and update a registration in violation of SORNA. On direct appeal, the Third Circuit affirmed his conviction. *See United States v. Reynolds*, 380 F. App'x 125, 126 (3d Cir. 2010), *rev'd and remanded by Reynolds v. United States*, 132 S.Ct. 975 (2012). Reynolds filed a petition for writ of certiorari, which resulted in the Supreme Court's *Reynolds I* decision.

*Id.* at 984. Rather, the Supreme Court reversed the Third Circuit's affirmance of Reynolds' conviction and sentence, and remanded the case to the Third Circuit for a determination as to whether the Attorney General's February 28, 2007 Interim Rule was valid. *Id.* On remand, the Third Circuit vacated Reynolds' conviction after holding that the Interim Rule making SORNA applicable to persons convicted of sex offenses prior to July 27, 2006 violated the notice, comment, and publication requirements of the Administrative Procedures Act ("APA").[5] *See United States v. Reynolds*, 710 F.3d 498, 502, 514, 523 (3d Cir. 2013) ("*Reynolds II*"). In other words, pursuant to *Reynolds II*, the Interim Rule is invalid.

## V. DISCUSSION

Pendleton timely filed the instant § 2255 motion. In his sole ground for relief, Pendleton asserts that he is actually innocent of the SORNA conviction because the Third Circuit's invalidation of the Interim Rule in *Reynolds II* means that he did not have a SORNA duty to enroll in the Delaware sex offender registry at the time of his arrest on March 10, 2008.[6]

---

[5] Thus, when *Reynolds I* and *Reynolds II* are viewed together, it would appear that the earliest possible effective date of SORNA for pre-enactment sex offenders in the Third Circuit is the date on which the SMART Guidelines became effective: August 1, 2008. *See, e.g., United States v. Utesch*, 596 F.3d 302, 311 (6th Cir. 2010) (since the SMART Guidelines were issued in full compliance with the APA, SORNA became effective and applicable to pre-enactment offenders on August 1, 2008, after the thirty-day notice and comment period). Although the Supreme Court and the Third Circuit have not squarely addressed this issue, at least four circuit courts have held that the SMART Guidelines were valid because they satisfied the notice-and comment requirements of the APA, thereby making SORNA applicable to pre-enactment offenders on August 1, 2008. *See United States v. Lott*, 750 F.3d 214, 219 (2d Cir. 2014) (collecting cases).

[6] Because Pendleton filed the instant § 2255 motion while *Reynolds II* was pending before the Third Circuit on remand, he phrases his ground for relief in the future tense: "**If the Third Circuit holds** that the Interim Rule of February 28, 2007, is void due to violation of the APA, there will be no rule or regulation effective on the date of [Pendleton's] arrest that applies SORNA in pre-implementation jurisdictions in Delaware. Absent a rule or regulation applying SORNA in pre-implementation jurisdictions, Thomas Pendleton did not have a SORNA duty to

6

The government filed a response asserting that Pendleton procedurally defaulted the instant argument by failing to present it on direct appeal. However, the government contends that Pendleton's procedural default should be excused and that the court should consider the merits of the argument and vacate Pendleton's conviction on the basis that he is "actually innocent" of violating SORNA, because an intervening change in Supreme Court and Third Circuit law (*Reynolds I* and *II*) has established that Pendleton was not required to register as a sex offender during the time charged in the indictment: January 28, 2008 – March 10, 2008. For the following reasons, the court concurs.

In order to be convicted under 18 U.S.C. § 2250(a), a defendant must: (1) be a convicted sex offender who is required to register under 42 U.S.C. § 16913(a); (2) travel in interstate or foreign commerce; and (3) knowingly fail to register or update a registration. *See Carr v. United States*, 560 U.S. 438, 445-46 (2010) (SORNA does not apply to sex offenders whose interstate travel occurred **before** SORNA's effective date)(emphasis added). The elements are to be read sequentially, meaning "a person [who] becomes subject to SORNA's registration requirements . . . must then travel in interstate commerce and thereafter fail to register." *Id.* at 446.

The precise issue in this case is whether there were any valid SORNA implementing regulations requiring Pendleton to register in Delaware's sex offender registry during the time-period alleged in the indictment: January 2008 through March 2008. The answer to this question is no. Although the Interim Rule was in force from February 28, 2007 through July 31,

---

enroll in the Delaware sex offender registry." (D.I. 90 at 6, ¶¶ 31, 32) (emphasis added) Given that the Third Circuit decided *Reynolds II* and invalidated the Interim Rule after Pendleton filed the instant § 2255 motion, the court will treat Pendleton's ground for relief as though phrased in the present tense.

7

2008,[7] which clearly covered the time-period alleged in the indictment, the Third Circuit retroactively invalidated the Interim Rule in *Reynolds II*. As such, there were no valid SORNA implementing regulations making SORNA applicable to Pendleton during the time period asserted in the indictment, meaning that Pendleton's failure to register as a sex offender from January 28, 2008 through March 10, 2008 did not constitute a crime.

Given these circumstances, Pendleton's evidence of actual innocence is unquestionable under the Supreme Court's *Reynolds I* decision and the Third Circuit's *Reynolds II* decision. Accordingly, the court will grant the instant § 2255 motion, vacate Pendleton's SORNA conviction and sentence, and dismiss the indictment with prejudice.[8]

## IV. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the

---

[7]The court identifies July 31, 2008 as the last day for the Interim Rule because the SMART Guidelines became effective on August 1, 2008.

[8]The court notes that the invalidation of Pendleton's SORNA conviction in this case has no effect on the validity of Pendleton's conviction under 18 U.S.C. § 2423(c) in Crim. Act. No. 08-111-GMS, for which he received a thirty year (360 month) sentence. However, because the 360 month (thirty year) sentence imposed on Pendleton for his conviction in Crim. Act. No. 08-111-GMS was to run concurrently with the sentence imposed in this case, the court will enter an amended judgment in Crim. Act. No. 08-111-GMS indicating that Pendleton's conviction and sentence in this case (Crim. Act. No. 08-59) have been vacated and set aside, and the reference to the concurrent sentences will be deleted. In all other respects, the judgment entered in Crim. Act. No. 08-111-GMS shall remain the same, including the fact that Pendleton's total term of imprisonment is 360 months (ten years).

record conclusively demonstrates that Pendleton is entitled to relief under § 2255. Therefore, the court concludes that an evidentiary hearing is not warranted.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The court is granting Pendleton's § 2255 motion after determining that his *Reynolds* claim is successful. The court is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the court will not issue a certificate of appealability.

## VI. CONCLUSION

The court concludes that Pendleton is entitled to relief pursuant to 28 U.S.C. § 2255. Therefore, this § 2255 motion will be **GRANTED**; Pendleton's judgment for violating SORNA's registration requirements will be **VACATED**; and his indictment will be **DISMISSED WITH PREJUDICE**. An appropriate order will issue.